[Civ. No. 61858. Second Dist., Div. Two. Oct. 14, 1981.]

GIORGIO ANSELMO, a Minor, etc., Plaintiff and Respondent, v. GLENDALE UNIFIED SCHOOL DISTRICT, Defendant and Appellant.

**COUNSEL**

John H. Larson, County Counsel, and Donovan M. Main, Deputy County Counsel, for Defendant and Appellant.

Doland & Gould for Plaintiff and Respondent.

## OPINION

**ROTH, P. J.**—(1)  By the terms of Education Code section 48200, a pupil is eligible to enroll in a public school maintained by the governing board of a school district in which the pupil's parent resides. The section further provides that "Residency, for the purpose of attendance in the public schools shall be determined by Section 17.1 of the Welfare and Institutions Code."

The latter section, in turn, provides in pertinent part that: "Unless otherwise provided under the provisions of this code, to the extent not in conflict with federal law, the residence of a minor person shall be determined by the following rules:

"(a) The residence of the parent with whom a child maintains his or her place of abode ... determines the residence of the child."

In the instant matter, respondent Franco Anselmo, with his wife and son Giorgio, gained admittance to the United States from Italy in July 1980 on the basis of a tourist visa issued pursuant to 8 United States Code section 1101(a)(15)(B). That statute defines the status of the holder of such a visa as "[A]n alien ... having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States temporarily for business or temporarily for pleasure."

In spite of the nonimmigrant, nonresident status thus placed upon them, respondents purchased a home in Glendale and sought to have Giorgio enrolled in public school there. The application for this purpose was denied by appellant, on the ground of nonresidency. In response to the rejection, respondents filed their complaint to compel admission and for a preliminary injunction requiring the same pending trial. That injunction was granted; this appeal followed. We reverse.

As set out above, California law specifies the residence of a minor shall be the residence of a parent with whom the minor maintains his abode. By the same token, the residence of one obtaining entry into the United States on the basis of a tourist or visitor's visa under 8 United States Code section 1101(a)(15)(B) is restricted to one *other than* in this country, by virtue of a congressional determination to expressly condition entry for some purposes "on an intent not to abandon a foreign residence or, by implication, on an intent not to seek domicile in the United States." (See *Elkins* v. *Moreno* (1978) 435 U.S. 647, 665

[55 L.Ed.2d 614, 628, 98 S.Ct. 1338]; cf. *Nyquist* v. *Mauclet* (1977) 432 U.S. 1 [53 L.Ed.2d 63, 97 S.Ct. 2120].)

Accordingly, respondents did not meet the basic requirement of residency necessary to be satisfied in order to obtain Giorgio's admission to the Glendale public schools. Nor is that requirement subject to constitutional infirmity, either as one creating a classification based upon alienage or citizenship so as to violate equal protection rights, since it applies uniformly to all persons (see *Nyquist* v. *Mauclet, supra,* 432 U.S. 1), or as one failing to address a legitimate interest by means reasonably related thereto.

Such being the case, it was error, in our view, for the trial court to issue its mandatory preliminary injunction.

The order appealed from is reversed and the cause remanded for further proceedings consistent with this opinion.

Compton, J., and Beach, J., concurred.